UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARI LYNN RYAN and DUMITRU REDENCIUC,

        Plaintiffs,                              CASE NUMBER: 09-14178
                                                      HONORABLE VICTORIA A. ROBERTS

v.

MICK DEDVUKAJ, District Director, United States
Citizenship and Immigration Services;
ALEJANDRO MAYORKAS, Director, United States
Citizenship and Immigration Services; and
JANET NAPOLITANO, Secretary, Department of
Homeland Security, in their official capacities,

        Defendants.
_____/

**ORDER DISMISSING PLAINTIFFS' ACTION**

Plaintiffs Cari Lynn Ryan and her husband, Dumitru Redenciuc, sued Defendants to compel adjudication of Ms. Ryan's I-130 Petition for Alien Relative, filed on April 29, 2004 on behalf of her husband, and Mr. Redenciuc's concurrently filed I-485 Application to Adjust Status. Plaintiffs assert jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), the Mandamus and Venue Act of 1962 ("MVA"), 28 U.S.C. § 1361, the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 505 and 704, and the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02. Plaintiffs claim Defendants' failure to adjudicate their petition and application within a reasonable time violates the APA and the Fifth Amendment's Due Process Clause.

District courts bear an independent obligation to address subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (Ginsburg, J., dissenting); *Wagenknecht v.*

*United States*, 533 F.3d 412, 416 (6th Cir. 2008). For the reasons stated in *Mouawad v. Dist. Dir., USCIS Detroit*, No. 08-15136, 2009 WL 174940, 2009 U.S. Dist. LEXIS 4739 (E.D. Mich. Jan. 23, 2009) (unpublished), neither the MVA, the APA nor the DJA confer subject matter jurisdiction over Plaintiffs' APA claim.

Plaintiffs also allege Defendants violated their due process rights under the Fifth Amendment by failing to timely adjudicate their I-130 petition and I-485 application. To state a due-process violation, a plaintiff must have a constitutionally-protected liberty or property interest. *See Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* at 577.

Plaintiffs cannot assert a "legitimate entitlement" to immigration benefits which are wholly discretionary. *See Huicochea-Gomez v. INS*, 237 F.3d 696, 700 (6th Cir. 2001) ("The failure to be granted discretionary relief does not amount to a deprivation of a liberty interest.") (citation omitted); *Med. Corp., Inc. v. City of Lima*, 296 F.3d 404, 409-10 (6th Cir. 2002) ("If an official has unconstrained discretion to deny the benefit, a prospective recipient of that benefit can establish no more than a 'unilateral expectation' to it." ) (*quoting Roth*, 408 U.S. at 577).

Nevertheless, Plaintiffs argue Defendants are obligated to process and decide immigration applications within 180 days. They rely on 8 U.S.C. § 1571(b), which states:

2

> Policy. It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application . . . .

Section 1571(b) is merely a policy statement, worded in precatory terms; it does not create an obligation for Defendants to meet the 180-day deadline, nor does it give Plaintiffs a right of enforcement. *See Tartakovsky v. Pierre*, No. 07cv1667, 2008 U.S. Dist. LEXIS 110523, at *16 (S.D. Cal. Mar. 11, 2008) (unpublished) ("Congress' expression of their desire that immigration applications be processed in 180 days is not a mandatory time line sufficient to legally require agency action.") (*citing Yang v. Cal. Dep't of Soc. Servs.*, 183 F.3d 953, 958 (9th Cir. 1999)). Other courts agree there is no strict deadline to process immigration-benefits applications, and, therefore, applicants cannot claim a due-process entitlement to have their requests adjudicated within a given time frame. *See Mudric v. Att'y Gen. of the U.S.*, 469 F.3d 94, 99 (3d Cir. 2006) ("the various discretionary privileges and benefits conferred on aliens by our federal immigration laws do not vest in aliens a constitutional right to have their immigration matters adjudicated in the most expeditious manner possible."); *Assadzadeh v. Mueller*, No. 07-2676, 2007 WL 3252771, 2007 U.S. Dist. LEXIS 80915, at *20-21 (E.D. Pa. Oct. 30, 2007) (unpublished) ("neither the INA, USCIS's regulations, or the APA provide the requisite firm deadline for adjudicating Plaintiff's application for naturalization, a discretionary immigration benefit. The APA does impose a 'reasonable time' requirement for adjudication of naturalization applications, but this is not a 'hard-and-fast deadline.' Absent a specific mandate entitling Plaintiff to naturalization or processing of his application within a specific time-frame, Plaintiff does not have a constitutional right to timely adjudication of his application.") (footnote and citation

omitted).

This matter is **DISMISSED**.

**IT IS ORDERED.**

                                                                        S/Victoria A. Roberts
                                                                         Victoria A. Roberts
                                                                         United States District Judge

Dated: November 13, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 13, 2009.

s/Carol A. Pinegar
Deputy Clerk

---